■ In the Matter of the Estate of ISAAC ROSENBLOOM et al., Respondent-Appellant, v ROBERT Z. SROGI, as Commissioner of Assessment of the City of Syracuse, Appellant-Respondent. In the Matter of BEAHEL, INC., Respondent-Appellant, v ROBERT Z. SROGI, as Commissioner of Assessment of the City of Syracuse, Appellant-Respondent.—Orders and judgment unanimously modified and, as modified, affirmed, with costs to petitioner, in accordance with same memorandum as in *Matter of Rosenbloom v Srogi*, (75 AD2d 719). (Appeals from orders and judgment of Onondaga Supreme Court —Real Property Tax Law, art 7.) Present—Simons, J. P., Schnepp, Callahan and Witmer, JJ.

■ CLINTON BUCK, Individually, and as Husband of EVELYN BUCK, et al., Respondents, v ALFRED PRITCHARD, JR., Appellant. CLINTON BUCK et al., as Parents and Natural Guardians of PHILLIP C. BUCK and Another, Respondents, v ALFRED PRITCHARD, JR., Appellant.—Order unanimously reversed, with costs, and motion for a protective order granted in accordance with the following memorandum: Plaintiffs are residents of the State of Tennessee. They initiated these actions to recover for personal injuries sustained in a rear end automobile collision occurring in Syracuse, New York, on August 9, 1973. The case first appeared upon the Trial Calendar on March 6, 1978 but was removed to the general docket when the parties failed to proceed to trial. Upon motion of the plaintiffs it was subsequently removed from the docket on April 30, 1979, the court order improperly restoring it to the Day Calendar rather than to the foot of the General Calendar. A date certain was set for trial but subsequently that date was adjourned generally to accommodate the vacation plans of plaintiffs' counsel. Thereafter a motion was made by plaintiffs' Tennessee attorneys, who were not the attorneys of record in this action, to depose plaintiffs' doctor in Memphis, Tennessee. Defendant then moved for a protective order and plaintiffs cross-moved for an order compelling the taking of interrogatories. Special Term denied the motion for a protective order and granted the cross motion. The order is reversed. The delay of the trial of this action is inexcusable. The case having been twice certified as ready for trial by plaintiffs, it was an abuse of discretion to grant the relief requested and hold the action generally while the case remained on the Day Calendar. The motion for a protective order is granted without prejudice to a proper application to take the physician's testimony by deposition or interrogatories, if counsel be so advised, but only after the case has been removed to the general docket. When the case is really ready for trial it may be restored to the General Calendar upon a proper application, but if it is restored, it should take its normal place at the foot of the calendar. (Appeal from order of Onondaga Supreme Court— depositions.) Present—Cardamone, J. P., Simons, Schnepp, Doerr and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RAFAEL DONIS, Appellant, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Respondent.—Matter converted to a proceeding pursuant to CPLR article 78, and judgment unanimously affirmed. (Appeal from judgment of Wyoming Supreme Court—habeas corpus.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Moule, JJ.